FILED

## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS 2011 JUL 27  PM 1: 50
### AUSTIN DIVISION

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____ [signature]
DEPUTY

**ARTHROCARE CORPORATION,**
**Plaintiff,**

-vs-                                                           **Case No.  A-11-CA-639-SS**

**INNOVATECH MEDICAL RESOURCES, L.P.,**
**d / b / a   M E D I C A L   S E R V I C E S,**
**INTERNATIONAL,**
**Defendant.**

---

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff ArthroCare Corporation's Motion for Temporary Restraining Order [#2]. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders GRANTING IN PART and DENYING IN PART ArthroCare's motion.

### Background

ArthroCare, a medical device manufacturer, seeks a temporary restraining order against Defendant Innovatech Medical Resources, L.P., a medical products distributor (and a former authorized distributor of ArthroCare products), enjoining Innovatech from "competing unfairly with ArthroCare, interfering with ArthroCare's existing and prospective relationships, and from using the ArthroCare Marks in any manner whatsoever that is likely to cause confusion." Pl.'s Mot. [#2] at 20.

Primarily at issue is Innovatech's alleged "resterilization" of ArthroCare products near or past their original expiration dates, relabeling them with new expiration dates, and selling those products



to customers while implicitly or explicitly representing them as "genuine" or "authentic" ArthroCare products. ArthroCare complains Innovatech's alleged conduct, in addition to being potentially unsafe to patients, is an unfair competitive practice, improperly interferes with ArthroCare's contractual relationships with customers, and is tantamount to counterfeiting. ArthroCare asks the Court to restrain Innovatech from pursuing this course of conduct.

Moreover, because ArthroCare believes both its reputation and the health of recipient patients are seriously threatened by Innovatech's continued sale of resterilized ArthroCare products, it seeks judicial seizure of all such products pursuant to 15 U.S.C. § 1116(d).

For the following reasons, the Court now GRANTS ArthroCare's motion for temporary restraining order, but DENIES its motion for judicial seizure of Innovatech's property.

## Analysis

### I.      Temporary Restraining Order

The test for whether a district court should issue an injunction is well-known:

A preliminary injunction is an extraordinary remedy that should only issue if the movant establishes:

(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). The Court examines these elements in turn.

### A.      Substantial Likelihood of Success

The Court acknowledges it is acting with limited information because it only has ArthroCare's version of the facts. However, if the alleged facts are true, ArthroCare has demonstrated a substantial likelihood of success on the merits. The Court is persuaded Innovatech's

alleged modification of ArthroCare products is actionable under one or more of ArthroCare's claims, particularly where, as here, ArthroCare alleges the modifications both are hidden from purchasers and potentially increase the products' dangerousness to end consumers. Taking ArthroCare's alleged facts as true, therefore, the Court finds ArthroCare has established a substantial likelihood of success on the merits.

**B.     Substantial Threat of Irreparable Injury**

The Court further finds ArthroCare's allegations demonstrate a substantial threat of irreparable injury to it if the Court does not temporarily enjoin Innovatech from selling resterilized ArthroCare products. Notably, ArthroCare alleges Innovatech is representing the resterilized products as "genuine" or "authentic" ArthroCare products, thereby giving consumers the false impression ArthroCare stands behind the products, when in fact it does not. The damage to ArthroCare's reputation if the products prove defective or unsafe would be difficult to quantify and potentially impossible to correct with an award of money damages. Accordingly, the Court concludes ArthroCare has satisfied this requirement.

**C.     Threatened Injury Outweighs Harm of Injunction**

Although Innovatech will unquestionably be harmed by the entry of an injunction, the Court finds this harm is both less than, and qualitatively different than, the harm posed by continued sales of potentially harmful medical products. If ArthroCare is correct in its allegations, an injunction will prevent irreparable harm to both ArthroCare's business reputation and, possibly, patients treated with Innovatech's resterilized products. If ArthroCare is wrong, however, the damage to Innovatech is likely to be entirely monetary—and Innovatech can rest assured ArthroCare will foot the bill for its

mistake. Thus, the Court finds ArthroCare's allegations demonstrate the threatened injury outweighs the harm of an injunction in this case.

**D.    The Public Interest**

The Court finds the public interest would not be disserved by the entry of the requested injunction. Although the public has a legitimate interest in commerce and the operation of a free market, that interest does not extend to a company's allegedly misleading sale of potentially dangerous medical supplies to unwitting customers and patients. Indeed, if Innovatech is deceiving its customers and endangering patients, the public interest is affirmatively served by the entry of an injunction. Therefore, taking ArthroCare's allegations as true, the Court finds the public interest would not be disserved by the entry of an injunction.

**E.    Conclusion — Temporary Restraining Order**

The Court finds ArthroCare's allegations satisfy the requirements for the entry of a temporary restraining order against Innovatech. Accordingly, ArthroCare's requested injunctive relief is GRANTED. However, as the Court noted above, it is operating on very limited, one-sided facts. Moreover, ArthroCare's motion indicates Innovatech likely has "millions of dollars' worth of medical devices yet to liquidate." Pl.'s Mot. [#2] at 18. Given the tenuous factual basis for granting this injunction, combined with the high value of the sales to be enjoined, the Court orders ArthroCare to provide security in the amount of ONE MILLION DOLLARS ($1,000,000.00), per Federal Rule of Civil Procedure 65(c).

**II.    Judicial Seizure**

In cases of counterfeiting, the Lanham Act allows a district court to order the seizure of "goods and counterfeit marks involved in such violation and the means of making such marks, and

records documenting the manufacture, sale, or receipt of things involved in such violation." 15 U.S.C. § 1116(d)(1)(A). Understandably, the Act contains many procedural safeguards for such a drastic remedy. Most important to the resolution of ArthroCare's motion is the limitation that a district court may not order seizure unless "it clearly appears from specific facts that . . . the person against whom seizure would be ordered, or persons acting in concert with such person, would destroy, move, hide, or otherwise make such matter inaccessible to the court, if the applicant were to proceed on notice to such person." *Id.* § 1116(d)(4)(B). All the evidence and argument provided by ArthroCare on this point demonstrates Innovatech may have refused to stop selling resterilized products on ArthroCare's say so; but there are no specific facts which clearly show Innovatech would disobey an order from this Court. Nor, indeed, would Innovatech be wise to do so. Accordingly, the Court denies ArthroCare's motion for seizure of the property at issue in this lawsuit.

However, depending on the outcome of this suit and the Court's specific factual findings, the Court may ultimately order the property forfeited, destroyed, or seized. Innovatech is therefore ordered to gather and hold all of the allegedly resterilized ArthroCare products at issue in this suit that are in its actual or constructive possession, custody, or control. Except as necessary to carry out this order, the products are not to be sold, moved, destroyed, or modified from their current condition, pending the outcome of this suit.

## Conclusion

Accordingly,

IT IS ORDERED that Plaintiff ArthroCare Corporation's Motion for Temporary Restraining Order [#2] is GRANTED IN PART and DENIED IN PART, as described in this

order. Specifically, it is denied with respect to ArthroCare's request for judicial seizure under the Lanham Act;

IT IS FURTHER ORDERED that Defendant Innovatech Medical Resources, L.P., d/b/a Medical Services, International is ENJOINED and RESTRAINED from selling any resterilized ArthroCare products, making misleading statements about such products (specifically including claims they are "genuine" or "authentic" ArthroCare products), or otherwise implying approval by, or affiliation with, ArthroCare with respect to the selling of such products;

IT IS FURTHER ORDERED that ArthroCare shall provide security in the amount of ONE MILLION DOLLARS ($1,000,000.00), to be paid into the Court Registry;

IT IS FURTHER ORDERED that Innovatech shall gather and hold all of the products at issue in this suit that are in its actual or constructive possession, custody, or control; and shall not sell, move, destroy, or modify such products except as necessary to carry out this order;

IT IS FURTHER ORDERED that ArthroCare shall provide a copy of this order to Innovatech's counsel on the date this order is entered;

IT IS FINALLY ORDERED that this case is set for an **INJUNCTION HEARING** on **Thursday, August 18, 2011, at 2:00 p.m.** in Courtroom 2 of the United States Courthouse, 200 W. Eighth Street, Austin, Texas.

SIGNED this the 27th day of July 2011.

SAM SPARKS
UNITED STATES DISTRICT JUDGE